**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN JUAN DE LA CRUZ MARTINEZ, | ) | |
| | ) | No. 23-cv-1612 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | |
| SUPERIOR COURT OF PENNSYLVANIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Robert J. Colville, United States District Judge

Before the Court is a Motion to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1) filed by Plaintiff in the above-captioned matter.   This case represents one of thirteen cases filed by Plaintiff that are currently pending before the undersigned.   Several of those cases, including this one, arise out of or involve Plaintiff's attempts to protest against "bullying" on or near Derry Area School District (the "District") property on November 7, 2019, and a subsequent criminal case that resulted from Plaintiff's conduct on that date.   The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.   For the reasons that follow, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but will dismiss Plaintiff's Complaint with prejudice pursuant to 28 U.S.C. §1915(e) for failure to state a claim and because it is frivolous.

### I.    Background

Plaintiff attempts to bring claims against Defendant the Superior Court of Pennsylvania ("Superior Court") pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 241.[1]   While the Court is required

---

[1] To the extent Plaintiff attempts to assert a claim pursuant to the federal criminal code, there is no private right of action under Section 241.  *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C.

to liberally construe Plaintiff's pleadings, the Court notes, as it has in all of Plaintiff's cases, that Plaintiff's manner of pleading results in a complaint that is, respectfully, difficult to follow at times, if not unintelligible.  That said, the Court outlines the relevant allegations in the Complaint as follows:

As noted in the Court's other opinions addressing Plaintiff's allegations respecting his criminal prosecutions, Plaintiff alleges, in conclusory fashion and without any substantive factual support, the existence of a conspiracy between local and state police, the District and District employees, at least one assistant district attorney, and at least one judge within the judicial system to deprive Plaintiff of his rights under the United States Constitution.  Plaintiff has alleged elsewhere that certain Pennsylvania State Police ("PSP"), Derry Police Department, and District employees were audio and video recorded by PSP during the course of a conversation wherein a member of the District's education/school board allegedly "conspired" with police.  Plaintiff now alleges that the Superior Court has joined in this conspiracy.  ECF No. 1-1 "Statement of Case" at ¶ 0.

Plaintiff argues that the Superior Court erred by finding that an interlocutory appeal in his criminal cases was not justified by extraordinary circumstances, and further asserts and that this error resulted in Plaintiff being sentenced for his disorderly conduct convictions.  ECF No. 1-1 "Statement of Case" at ¶¶ 1-9.  Plaintiff argues that this error constitutes evidence that the Superior Court has joined in a conspiracy with Westmoreland County Assistant District Attorney Anthoney Iannamorelli, Judge Timothy P. Creany, Judge Richard E. McCormick, and Judge Christopher Feliciani, each of whom is or was involved, in some capacity, with one or more criminal actions

§§ 241, 242, 245, 247, 371 and 1951.  These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)).

against Plaintiff in the Westmoreland County Court of Common Pleas.  *Id.* at ¶ 10.  Plaintiff asks the Court for various forms of relief, including injunctive relief requiring that neither the Superior Court nor Judge Creany be further involved in any Plaintiff's cases; that the Superior Court be "put under review"; that all proceedings related to his Complaint in this matter be transferred to the Supreme Court; and that the Court investigate the contradictions of the Superior Court.  ECF No. 1-1 "Prayer for Relief" at ¶¶ 1-7.

## II.     Legal Standard

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*.  Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e).  Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons[2] who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B).

"[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'"  *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011,

---

[2] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not.  *Leatherman v. Obama*, C.A. No. 12-1486, 2012 WL 5398912 (W.D. Pa. 2012) (Fisher, J.), *adopting R&R* 2012 WL 5398856 (W.D. Pa. October 22, 2012); *Harrison v. Shapiro*, No, 97–2133, 1997 WL 197950, at * 1 (E.D. Pa.1997); *Jones v. North Atlantic Treaty Organization*, No. 98–1185, 1998 WL 136511, at *1 n. 1 (E.D. Pa.1998); *McAllen v. Attic Away From Home*, No. 00–941, 2000 WL 1752618, at *2 n. 7 (D. Del. 2000).  Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that Congress meant the statute to read "person."  The Court finds this reasoning to be persuasive.  *See also, Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir.1998); *Mitchell v. Farcass,* 112 F.3d 1483, 1484 (11th Cir.1997); *Powell v. Hoover*, 956 F.Supp. 564, 568 (M.D. Pa.1997).

at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at

*1 (E.D. Wis. Jan. 22, 2007)).[3]   The United States District Court for the Middle District of

Pennsylvania has aptly explained and summarized:

> The term "frivolous," as used in § 1915(e)(2), includes not only inarguable legal
> conclusions, but also fanciful factual allegations.  [*Neitzke*, 490 U.S. at 325].  As
> such, courts are afforded authority to dismiss those claims whose factual
> contentions are clearly baseless.  *Id.*; *Denton v. Hernandez*, 504 U.S. 25, 32–33,
> 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).  Within the Third Circuit, courts have
> found that allegations which are considered fanciful, fantastic, and delusional are
> to be dismissed as frivolous.  *See Barnes v. Mercer County Court House*, 2007 WL
> 16525335, *6 (D.N.J.) (dismissing claim that food served to inmates at correctional
> facility was hazardous to human health); *Armstead v. Briggs*, 2004 WL 339647
> (D.Del.) (dismissing claim requesting that the court set up an appointment for the
> plaintiff with President George W. Bush so that she could tell him that she had filed
> a lawsuit seeking his permanent appointment as the President of the United States);
> *Noble v. Becker*, 2004 WL 96744 (D.Del.) (claims that government officials and
> others had engaged in a vast conspiracy to violate his constitutional rights were
> delusional); *Williams v. Werster*, 1994 WL 313111 (E.D.Pa.) (plaintiff's claim that
> he had uncovered evidence of a conspiracy by the former mayor to commit sabotage
> and espionage in order to establish ecclesiastical law and in some way interfere
> with U.S. commerce were fanciful, fantastic, or delusional); *Robinson v. Love*, 155
> F.R.D. 535 (E.D.Pa.1994) (where plaintiff alleged that he was subjected to
> witchcraft and attempts to poison him with cyanide, the allegations were fanciful,
> fantastic or delusional).

*Pavalone v. Bush*, No. CIV.A. 3:11-1620, 2012 WL 1569614, at *1 (M.D. Pa. Mar. 27, 2012),

*report and recommendation adopted*, No. 3:11-CV-1620, 2012 WL 1569791 (M.D. Pa. May 3,

2012).

In determining whether a complaint fails to state a claim upon which relief may be granted

for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to

dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *D'Agostino v. CECOM*

*RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240

---

[3] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

(3d Cir. 1999)).  A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949.  To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948.  The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc*., 764 F.2d 939, 944 (3d Cir. 1985).  "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

"If a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed" in a civil rights case, a court must permit amendment unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This is also true where a plaintiff does not request leave to amend. *See Grayson*, 293 F.3d at 108 ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

The Court again notes that Plaintiff is proceeding pro se and, as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

## III.   Discussion

As noted, Plaintiff alleges that the Superior Court conspired with Westmoreland County Assistant District Attorney Anthoney Iannamorelli, Judge Timothy P. Creany, Judge Richard E. McCormick, and Just Christopher Feliciani to violate Plaintiff's rights. The Court finds that these

allegations of the Superior Court's participation in a conspiracy are entirely unsupported by any allegations of fact, and that they are the type of fanciful, fantastic, or delusional assertions that render a complaint frivolous.  The Complaint will be dismissed with prejudice as frivolous to the extent it asserts that the Superior Court has conspired against him.

Even if these allegations were not frivolous, the Court notes that Plaintiff fails in any regard to allege concrete, non-conclusory facts that could possibly support his allegations of a conspiracy to violate his rights under the Constitution.  To state a Section 1983 claims for conspiracy:

> [A] plaintiff cannot rely on broad or conclusory allegations.  *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir. 1992); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989).  The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct.  *Oatess v. Sobolevitch,* 914 F.2d 428, 432 n. 8 (3d Cir.1990).
>
> The essence of a conspiracy is an agreement or concerted action between individuals.  *See D.R. by L.R.,* 972 F.2d at 1377.  A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See D .R. by L.R.,* 972 F.2d at 1377; *Rose,* 871 F.2d at 366.  Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity.  *Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann,* 926 F.2d 1396, 1405, n. 16 (3d Cir. 1991).

*Matthews v. Beard*, No. CIV.A. 11-221J, 2012 WL 2192225, at *6 (W.D. Pa. June 14, 2012).  While Plaintiff makes consistent reference to a "conspiracy," it is clear that his allegations rely on the assumption that any adverse action taken against him during the course of his arrest and criminal proceedings was the result of conspiracy.  "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting In *re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).  Plaintiff fails to allege facts that plausibly

suggest a meeting of the minds, an agreement, or concerted activity by co-conspirators.  Rather, he summarily points to aspects of his arrest and criminal prosecution that he takes issue with while labeling every participant as a co-conspirator.  Such conclusory averments are far from sufficient to state a claim for conspiracy

The Court is also required to abstain from consideration of Plaintiff's claims arising out of purportedly erroneous decisions of the Superior Court pursuant to the *Younger* abstention doctrine.[4]  "[O]ngoing state criminal prosecutions fall within the confines of *Younger* abstention and should be resolved in the jurisdiction in which they emanated—the state courts." *Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 62 (D.N.J. 2021), *aff'd sub nom. Clark v. Governor of New Jersey*, 53 F.4th 769 (3d Cir. 2022).  For *Younger* abstention to apply, the underlying matter must be (1) "judicial in nature"; (2) "implicate important state interests"; and (3) "afford an adequate opportunity to raise federal claims." *Id.* (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).  "[I]n any case where there are ongoing state judicial proceedings, those proceedings implicate important state interests, including the state's interest in holding accused defendants to account for their alleged criminal deeds, and the state proceedings provide an adequate opportunity to raise federal claims, *Younger* prevents this Court from hearing claims which would require interference into those proceedings." *Alexander v. New Jersey*, No. CV 20-14809 (CCC), 2021 WL 100226, at *2 (D.N.J. Jan. 8, 2021).

The case before the Superior Court is clearly judicial in nature, and implicates the state's interest in holding accused defendants accountable for crimes.  Each of Plaintiff's claims at issue

---

[4] Even if the *Younger* abstention doctrine did not apply, the Court would find Plaintiff's allegations would implicate the *Rooker/Feldman* doctrine.  Under the *Rooker/Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

in this case can be presented to, and considered by, the state courts, including both trial and appellate courts. *See McKnight v. Bishop*, No. 3:CV-14-603, 2014 WL 1338076, at *2 (M.D. Pa. Apr. 3, 2014) ("[P]ending petition does not set forth any facts which could suggest that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or thereafter (if necessary) raise those claims before the Pennsylvania state appellate courts."). Plaintiff's request for relief asks this Court to interfere with ongoing state court matters. No exception to the *Younger* abstention doctrine applies, and the Court must abstain from hearing any such claims under *Younger*.

The Superior Court is also entitled to judicial immunity with respect to Plaintiff's claims. "A judge is immune from liability for all actions taken in his judicial capacity, unless such action is taken in the absence of all jurisdiction." S*alley v. Sec'y Pennsylvania Dep't of Corr.*, 565 F. App'x 77, 81 (3d Cir. 2014). The United States District Court for the District of New Jersey has explained:

> "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

*Bradley v. Connor*, No. CIV. 13-4099 JBS, 2014 WL 1404581, at *2 (D.N.J. Apr. 10, 2014); *see also Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) ("In 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" (quoting 42 U.S.C. § 1983)). The Supreme Court of Pennsylvania has explained:

Judicial immunity rests upon a recognition of the necessity of preserving an independent judiciary, and reflects a belief that judges should not be hampered by fear of vexatious suits and personal liability.  It also reflects a view that it would be unfair to expose judges to the dilemma of being required to render judgments while at the same time holding them accountable to the judgment of others.  As stated in *Stump v. Sparkman,* 435 U.S. 349, 363, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331, 343 (1978) (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872)), "the doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *See also Binder v. Triangle Publications, Inc.,* 442 Pa. 319, 323-24, 275 A.2d 53, 56 (1971) ("The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences.

*Matter of XYP*, 567 A.2d 1036, 1039 (Pa. 1989).

In addressing Plaintiff's request to file an interlocutory appeal in his criminal case, the Superior Court was clearly acting in its judicial capacity and clearly has jurisdiction over such an appeal.  The Superior Court is immune from suit related to allegations set forth in Plaintiff's Complaint, and his Complaint will also be dismissed on on that basis.

To the extent Plaintiff attempts to assert a claim pursuant to the federal criminal code, there is no private right of action under Section 241 or 242.  *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951.  These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)).

Amendment as to any of Plaintiff's claims would be futile for the reasons stated herein.  It also bears noting that Plaintiff has filed thirteen cases in this District, and has failed to state a claim in any of his actions.  In certain of those actions, he was permitted to file amended complaints, and still failed to set forth allegations to support a single cause of action.  The same further suggests to

this Court that permitting amendment would be futile, and Plaintiff's Complaint in this matter will thus be dismissed with prejudice.

## IV.    Conclusion

As discussed above, Plaintiff's Complaint is baseless and frivolous, and will be dismissed as such pursuant to Section 1915(e).  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: February 5, 2024

cc:    All counsel of record

Justin Juan De La Cruz Martinez
502 N 12th Ave
Albany, IL 61230

11